WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DaJuan Torrell Williams,<br><br>           Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>           Defendants. | No. CV-21-02151-PHX-MTL (CDB)<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation ("R&R") from Magistrate Judge Camille D. Bibles, recommending that Plaintiff's motion for leave to proceed on a proposed second amended complaint be denied. (Doc. 54.) Plaintiff timely objected to the R&R and Defendants filed a response in opposition. (Doc. 63, 70.) The Court will overrule Plaintiff's objections.

**I.**

As the R&R observes, this case began nearly four years ago as a challenge to the manner used, under Arizona law, to collect non-wage funds from Plaintiff's inmate trust account to satisfy his state-court restitution orders. Plaintiff's complaint asserted a claim under 42 U.S.C. § 1983 for violations of many different provisions in the United States Constitution. On a screening order, this Court found the claim accrued in 2009 and was thus barred by the statute of limitations.

The Court of Appeals reversed, holding that each separate withdrawal constituted a separate injury and was independently subject to the statute of limitations. The Court of

Appeals instructed this Court to allow Plaintiff to amend his complaint to clarify a pleading ambiguity in his theory that a December 2019 deduction constituted a separate injury.

Plaintiff amended his complaint post-remand, and the Magistrate Judge entered a scheduling order governing discovery. The amended complaint adds several individual defendants and adds allegations that his inmate trust account was subjected to unconstitutional withdrawals on December 23, 2019, and then several additional times in 2022 and 2024. The issue remaining in this case is the merits of Plaintiff's constitutional claims, which the Court of Appeals has instructed this Court to consider in the first instance.

The subject of the R&R is Plaintiff's attempt to file a second amended complaint that adds an entirely new claim against both a new and existing defendant. This claim arises out of a disciplinary hearing conducted by this new defendant relating to an alleged assault Plaintiff committed on a corrections officer. After conducting an extensive analysis of the proposed second amended complaint and the applicable Federal Rules of Civil Procedure relating to amended pleadings, and joinder of claims and parties, the Magistrate Judge found that the proposed claims were unrelated to the claims asserted in the initial complaint and the first amended complaint. The Magistrate Judge concluded that the new claim should be asserted in a separate lawsuit.

**II.**

Plaintiff's first objection is he can amend his complaint under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. Rule 15(a)(1)(B) allows a plaintiff to amend their complaint "once as a matter of course no later than . . . [twenty-one] days after service of a responsive pleading." Amendment as a matter of course is a right held by a plaintiff that is not exhausted by prior amendments based on written consent or leave of court. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1007-08 (9th Cir. 2015). This means Plaintiff's second amended complaint would be appropriate under Rule 15 because it was brought within twenty-one days of Defendants' answer, and Plaintiff has not previously amended his complaint as a matter of course.

1 But Rule 15 does not end the inquiry. As the Magistrate Judge correctly notes, because Plaintiff's second amended complaint attempts to add a new defendant, the Court must also consider Rule 20(a)(2) of the Federal Rules of Civil Procedure. Rule 20(a)(2) allows a plaintiff to add any person as a defendant when the right to relief asserted against them "relat[es] to or aris[es] out of the same transaction or occurrence [or series of transactions or occurrences]" and when a common question of "law or fact . . . will arise in the action." *League to Save Lake Tahoe v. Tohe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977). "[O]nce these requirements are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would otherwise result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (citation modified).

Plaintiff's new claim arises from a May 15, 2024, disciplinary hearing involving an officer assault. (Doc. 45 at 13.) The hearing has no similar factual background to Plaintiff's other claims, which concern Arizona collecting non-wage funds from Plaintiff's inmate trust account. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("The first prong . . . refers to [the] similarity in the factual background of a claim."). Moreover, the new claim concerns an alleged due process violation premised on the new defendant circumventing prison disciplinary procedures to punish Plaintiff. (Doc. 45 at 16.) This presents a distinct legal question from Plaintiff's other constitutional claims. Thus, the new claim does not satisfy Rule 20(a)(2).

Finally, the Magistrate Judge identifies several reasons joinder is inappropriate irrespective of Rule 20(a)(2). The Magistrate Judge explains adding a new defendant would delay ongoing proceedings. Thus, allowing Plaintiff to add a new defendant would be fundamentally unfair and prejudice the existing defendants. *See Coleman*, 232 F.3d at 1296.

**III.**

Plaintiff's second objection is he can amend his complaint because the new claim is also brought against an existing defendant. (*See* Doc. 63 at 1-2.) Rule 18(a) of the Federal

Rules of Civil Procedure allows a plaintiff to bring "as many claims as [they have] against an opposing party." This standard is liberal and allows a plaintiff to bring factually unrelated claims that involve different transactions or occurrences. *See McKnight v. McKnight*, No. CV-20-01956-PHX-DWL, 2021 WL 424095, at *2 (D. Ariz. Feb. 8, 2021).

The Magistrate Judge concluded Plaintiff's claim should be asserted in a separate lawsuit because it is "not based on the same grounds as those alleged in the operative complaint." (Doc. 54 at 6.) This reasoning is correct as it pertains to Plaintiff's attempt to add a new defendant. But for the existing defendant, Rule 18 applies a more liberal standard that does not require satisfying the transactions test or showing there is a common question of law. *E.E.O.C. v. Boeing Co.*, No. CV-05-3034-PHX-FJM, 2007 WL 735562, at *1 (D. Ariz. Mar. 7, 2007). Plaintiff can add a due process claim against the existing defendant even if it is based on factually distinct grounds. *See id.*

That being said, a district court reviews objected-to-portions of an R&R *de novo* and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). It further must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). If a portion of a complaint fails to state a claim upon which relief may be granted, a district court must dismiss that portion as part of its screening function. *Id.* § 1915A(b)(1).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but a pleading must contain sufficient facts that, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when a pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings from self-represented litigants are construed liberally and afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

1    Plaintiff's new claim for relief alleges two factual allegations against the existing
2 defendant. The first is the defendant unlawfully "placed a disciplinary restitution charge
3 against" Plaintiff's inmate trust account based upon an unauthorized request for withdrawal
4 form. (Doc. 45 at 15.) The second is withdrawals were made from Plaintiff's inmate trust
5 account because of the restitution charge. (*Id.*) All remaining allegations directed at the
6 defendant are legal conclusions.
7    A due process violation occurs when funds are taken from an inmate trust account
8 without adequate process. *See Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985). The
9 allegations, construed liberally, indicate the existing defendant merely processed a
10 withdrawal form that resulted in money being taken from Plaintiff's inmate trust account.
11 (Doc. 45 at 15.) Plaintiff does not, however, allege the defendant violated any procedures
12 or policies by processing the form. *See Hernandez v. Macomber*, No. 2:22-cv-0964 DB P,
13 2023 WL 425623, at *4 (E.D. Cal. Jan. 26, 2023) (explaining that only limited procedural
14 protections are afforded to prisoners, and they must allege the protections withheld from
15 them); *see also Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (outlining the procedural
16 protections afforded to prisoners when subject to disciplinary proceedings.) Nor are there
17 factual allegations indicating the defendant knew or should have known the form was
18 improper. *See id.* The alleged facts do not "state a claim to relief that is plausible on its
19 face." *See Twombly*, 550 U.S. at 570.

**IV.**

21    The remaining objections are easily dismissed. Plaintiff's third objection is the
22 Magistrate Judge incorrectly concluded "a basic lawsuit is a single claim against a single
23 defendant." (Doc. 63 at 2.) This argument misconstrues the Magistrate Judge's reasoning.
24 By explaining the contours of a "basic lawsuit," the Magistrate Judge was setting up her
25 analysis under Rule 20. Indeed, multiple defendants remain in this lawsuit based on the
26 operative complaint.
27    Plaintiff's fourth objection relates to the prejudice caused by further amendment.
28 Plaintiff argues amendment is typical at the pleading stage and does not present any

extraordinary burden on the current defendants. But what Plaintiff fails to acknowledge is this case has been ongoing since 2021 and has been anything but typical. The Court will not disrupt the Magistrate Judge's finding of prejudice.

**IT IS THEREFORE ORDERED** accepting the Report and Recommendation (Doc. 54). Plaintiff's motion to amend his complaint as a matter of course (Doc. 44) is denied.

Dated this 8th day of September, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge