IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DaJuan Torrell Williams,<br><br>              Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>              Defendants. | No. CV 21-02151 PHX MTL (CDB)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE MICHAEL T. LIBURDI:**

Before the Court is Plaintiff's motion for leave to proceed on a proposed second amended complaint. (ECF No. 119).

Plaintiff, who is in custody and proceeds pro se, filed a civil rights complaint on December 15, 2021. Plaintiff named as defendants David Shinn, the Director of the Arizona Department of Corrections; C. Amos, the "Eyman Complex Inmate Trust Account Business Manager;" and three Doe Defendants named as "ADC Central Office ITA Business Manager," "Eyman Complex ITA Staff," and "Florence Complex ITA Business Manager." (ECF No. 1). Plaintiff alleged Defendants violated his civil rights by withdrawing non-wage funds from his Inmate Trust Account ("ITA") pursuant to an order of restitution imposed by the state court in 1999, in the criminal matter giving rise to Plaintiff's incarceration. (*Id.*).

The Complaint was dismissed on March 11, 2022. (ECF No. 11). In the order of dismissal the Court concluded Plaintiff's claims were time-barred because "Plaintiff's claims accrued in 2009, when [the Arizona Department of Corrections] implemented its

new policy altering how it collected inmates' restitution payments from their inmate trust accounts and allegedly began selectively applying that policy to some, but not all, inmates …" (ECF No. 11 at 7). Plaintiff appealed the dismiss of his Complaint to the Ninth Circuit Court of Appeals. (ECF No. 14).

Two years later, on May 10, 2024, the Ninth Circuit vacated the Court's order dismissing the case and remanded this matter, finding and concluding:

> On December 15, 2021, Williams filed a pro se 42 U.S.C. § 1983 action alleging that ADOC violated the terms of his sentencing and restitution orders, the Ex Post Facto clause, and the Due Process and Equal Protection clauses of the Fourteenth Amendment by withdrawing funds under the new statute. Screening under the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a), the district court dismissed the complaint, finding that Williams's claims accrued in 2009 when ADOC first applied its post-amendment policy to him and thus were barred by the applicable two-year statute of limitations. …
>
> 1. The parties now agree that each deduction from Williams's account was a discrete act, *see Pouncil v. Tilton*, 704 F.3d 568, 579 (9th Cir. 2012), and that claims concerning deductions made on or after December 15, 2019, are therefore timely. … we decline ADOC's invitation to address the merits of Williams's claims in the first instance. Rather, we vacate the judgment below and remand to allow the district court to do so.
>
> 2. Williams alleges he was injured by a deduction from his inmate trust account that occurred in December 2019. It is not clear from the complaint whether this deduction occurred before, on, or after December 15, 2019, the key date for the applicable two-year limitations period. Because this case was resolved at screening based on the district court's conclusion that Williams's claims accrued in 2009 and were therefore untimely, that court did not provide Williams an opportunity to amend his complaint to specify the date on which the December 2019 deduction occurred, and can do so on remand. …

(ECF No. 19-1 at 2-3).

On July 29, 2024, the Court instructed Plaintiff to file an amended complaint "to specify the date on which the December 2019 deduction occurred." (ECF No. 21 at 2). Plaintiff filed a First Amended Complaint (ECF No. 23) on September 4, 2024, naming as Defendants Ryan Thornell, the Director of the Arizona Department of Corrections, Rehabilitation, and Reentry; Robert Ellis, the "Central Office ITA Manager;" C. Amos, the

"Eyman Complex ITA Manager;" Cheryl Burtsfield, the "Eyman Complex ITA;" Charles Ryan, the "former Director of ADOC;" and three Doe Defendants, identified as "Lewis Complex ITA Business Manager;" "CoreCivic-La Palma Correctional Center ITA Manager;" and "Florence Complex ITA Business Manager." (ECF No. 22 at 1-4, 13). Plaintiff asserts Defendants violated his Fourteenth Amendment rights by making "unlawful" withdrawals (totaling $1432.76) from his ITA on December 23, 2019, and in February, March, June, July, and August of 2022, and in February and March of 2024. (ECF No. 22 at 9, 14).

In an order entered January 16, 2025, the Court ordered Defendants Thornell, Ellis, Amos, and Burtsfield to answer the First Amended Complaint, and dismissed Defendant Ryan without prejudice. (ECF No. 23). The Court construed Plaintiff's claims as follows:

> In **Count One**, Plaintiff alleges violations of his Fourteenth Amendment rights. … Plaintiff argues he has a federally protected liberty interest in all money placed into his ITA and a state-created liberty interest in the manner in which restitution is collected. … Plaintiff argues the Arizona statute permitting ADC to collect restitution from all monies in a prisoner's ITA should not be applied retroactively to him and asserts he has been denied any meaningful pre- and post-deprivation process. (*Id.*) … Plaintiff contends Defendants Ryan, Thornell, Ellis, Amos, Burtsfield, and Does 1- 3 violated his Fourteenth Amendment rights when they "independently changed, altered, or modified [Plaintiff's] original sentencing and restitution order (as it pertains to the manner of payment of [Plaintiff's] restitution) as issued by the Arizona Superior Court … and/or personally condoned … or implemented . . . ADC current customs, polices or practices of systematically stealing 'non-wages' money from [Plaintiff's] Trust Account under pretensions of a fiduciary agent 'acting in trust.'" (*Id.*) Plaintiff claims ADC continues to unlawfully take money from his ITA for restitution payments and lists 10 dates, after December 15, 2019, on which such withdrawals occurred. (*Id.* at 9.)
>
> In **Count Two**, Plaintiff alleges Defendants Thornell, Ellis, Amos, Burtsfield, Doe 1, and Doe 2 violated his Fourteenth Amendment rights when they "independently changed, altered, or modified [Plaintiff's] original sentencing and restitution order (as it pertains to the manner of payment of [Plaintiff's] restitution) as issued by the Arizona Superior Court … in violation of ARS § 13-804(M) and ARS § 1-244" by withholding "non-wages" money from Plaintiff's ITA. (*Id.* at 10.)

In **Count Three**, Plaintiff claims violations of his equal protection rights. Plaintiff asserts that on March 17, 2009, the prison began "unlawfully stealing 20% of any and all money placed into [Plaintiff's] ITA allegedly based on Senate Bill 1619[,]" but did not apply the new law "fairly or equally across the inmate population to all like and similarly situated inmates." (*Id.* at 11.) Plaintiff claims the "prison knew, or should have known, that state law prevented SB 1619 from being applied retroactively … and/or knew … that, by law, only the trial court could change, alter, or modify a standing restitution (court) order." (*Id.*) Plaintiff alleges the prison arbitrarily applies SB 1619 "to certain and select inmates only, without cause, reason or explanation." (*Id.*) Plaintiff claims he knows at least two other inmates who, like him, were sentenced at least 10 years prior to SB 1619's enactment "where the trial judge determined and specified the manner in which restitution was to be paid, collected," but who "have never been subjected to this treatment, burden, or hardship nor had their rights violated by the prison …." (*Id.* at 11-12.) Plaintiff contends Defendants Thornell, Ellis, Amos, Burtsfield, Ryan, and Does 1-3 violated his Fourteenth Amendment equal protection rights when they arbitrarily "and/or discriminatorily changed, altered, or modified [his] original sentencing and restitution order" by subjecting Plaintiff's "non-wages" to restitution withholding and by not applying this practice "equally and fairly to all like and similarly situated inmates" like Plaintiff. (*Id.* at 12.)

\*\*\*

… **Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated Fourteenth Amendment due process claims in Counts One and Two for the allegedly unlawful withdrawal of restitution payments from his "non-wage" deposits, and for the alleged alteration of his restitution order without due process. He has also adequately stated an equal protection claim in Count Three. The Court will require Defendant Thornell to answer these claims in his official capacity, and Defendants Ellis, Amos, and Burtsfield to answer the claims in their individual capacities.

(ECF No. 23 at 3-7).

The Court allowed Plaintiff 120 days, until May 16, 2025, to discover the names of the Doe Defendants and file a notice of substitution identifying these defendants by their actual names. (*Id.*). This deadline was later extended to June 20, 2025. (ECF No. 47).

Defendants Thornell, Ellis, Amos, and Burtsfield answered the First Amended Complaint on May 2, 2025. (ECF No. 37). In an order entered May 5, 2025, the parties

- 4 -

were allowed until September 22, 2025 to complete discovery. (ECF No. 38). Any proposed amendments to the operative complaint were due May 30, 2025. (*Id.*). Dispositive motions were due November 7, 2025. (*Id.*).

Plaintiff filed a motion seeking leave to proceed on a second amended complaint and lodged a proposed second amended complaint on May 14, 2025. (ECF Nos. 44 & 45). In addition to deleting Defendant Ryan and supplying the first name of Defendant Amos, Plaintiff sought leave to add a defendant, "Captain S. Osterion," and a claim for relief solely against Osterion. (ECF No. 45 at 2, 14-16). In Count Four of the proposed second amended complaint Plaintiff asserted Osterion violated Plaintiff's Fourteenth Amendment rights by conducting a disciplinary hearing on May 15, 2024, and wrongfully imposing a monetary fine and assessing restitution as part of the disciplinary action, and wrongfully authorizing the withdrawal of funds from Plaintiff's ITA to satisfy the fine and order of restitution. (ECF No. 45 at 15). A Report and Recommendation filed June 10, 2025, recommended that Plaintiff's motion to amend at ECF No. 44 be denied. (ECF No. 54).

On August 15, 2025, Plaintiff's motion at ECF No. 82 was granted to the extent Plaintiff sought to substitute Teresa Brown, an Administrative Services Officer II employed by the Financial Services Division of the Arizona Department of Corrections, Rehabilitation, and Reentry's Central Office, for Doe #1 with regard to the claims stated in Plaintiff's First Amended Complaint at ECF No. 22, although the motion to substitute was not filed prior to the deadline (June 20, 2025) for doing so. (ECF No. 87).[1] On August 19, 2025, Plaintiff was given leave to add Richard Evitch as a party to this matter with regard to Counts One, Two, and Three of the First Amended Complaint, notwithstanding that the deadline for doing so had expired. (ECF No. 89).[2]

---

[1] Plaintiff never returned a service packet for Brown to the Court. In response to an order to show cause issued October 20, 2025, Plaintiff averred Brown had never been a defendant in any claim. (ECF No. 117).

[2] Defendant Evitch was served and answered the operative complaint on November 4, 2025. (ECF Nos. 106 & 122). Defendant Evitch has not sought to reopen discovery. At this time discovery has closed and the deadline for filing dispositive motions expires December 5, 2025.

1  On September 5, 2025, long after the deadline for amending the operative complaint expired, Plaintiff filed a motion seeking leave to proceed on an amended complaint. (ECF No. 103). *Inter alia*, the proposed amended complaint names Thornell, Evitch, Ellis, White, Teresa Brown, Jaime Ramsey, Burtsfield, and Osterion as defendants, and also names four Doe Defendants. (*Id.*). Evitch, Ellis, White, and Brown are named personally "and/or" as Does 1 through 4. (ECF No. 103 at 10). Plaintiff also includes the same Count IV of the prior proposed amended complaint against Osterion in the proposed amended complaint at ECF No. 103. (ECF No. 103 at 17-20). Plaintiff also seeks to add a claim of retaliation against Osterion. (ECF No. 103 at 21-22). In a Report and Recommendation issued October 16, 2025, it was recommended that the motion to proceed on the proposed amended complaint be denied. (ECF No. 115). To date the Report and Recommendation at ECF No. 115 has not been adopted nor rejected.

On September 8, 2025, the Court accepted the Report and Recommendation at ECF No. 54 and denied Plaintiff's motion (ECF No. 45) to amend the operative complaint. (ECF No. 104).

On September 23, 2025, the *unexpired* deadlines in this matter were extended, allowing the parties until October 31, 2025, to further supplement disclosure and to serve responses to requests for discovery which requests had already been served, and allowing the parties until December 5, 2025, to file dispositive motions with regard to Plaintiff's claims against Defendants Thornell, Ellis, Burtsfield, and Amos. (ECF No. 109).

On October 30, 2025, Plaintiff filed the pending motion seeking leave to proceed on an amended complaint (ECF No. 119) and lodged a proposed amended complaint (ECF No. 120). Plaintiff seeks to substitute the proposed amended complaint at ECF No. 120 for the proposed amended complaint at ECF No. 103 (the Report and Recommendation at ECF No. 115 recommends Plaintiff not be allowed to proceed on the proposed amended complaint lodged at ECF No. 103). Named as defendants in the proposed amended complaint at ECF No. 120 are Thornell, Evitch, Ellis, White, Brown, Victor Esquivel, Lynda Wade, Linda Finchum, and Penny Bracket. (ECF No. 120 at 1-2). Plaintiff asserts

1 the purpose of the proposed amended complaint is to delete his claims against Osterion and
2 Burtsfield, and substitute named individuals for the Doe Defendants; it is noted that
3 Ramsey, named as a defendant in the proposed amended complaint at ECF No. 103, is not
4 named as a defendant in the proposed amended complaint at ECF No. 120. It is also noted
5 that the deadline for identifying the Doe Defendants expired June 20, 2025, four months
6 prior to the filing of the proposed amended complaint at ECF No. 120.

7 Rule 15(a) of the Federal Rules of Civil Procedure provides a plaintiff should be
8 given leave to amend their complaint when justice so requires. Granting or denying leave
9 to amend is a matter committed to the Court's discretion. *E.g.*, *Hartmann v. California
10 Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129 (9th Cir. 2013). Rule 15(a) requires the
11 Court to evaluate the elements of bad faith, undue delay, prejudice to the opposing party,
12 and futility of amendment before granting leave to amend. *See*, *e.g.*, *Serra v. Lappin*,
13 600 F.3d 1191, 1200 (9th Cir. 2010). Leave to amend may be denied when allowing a
14 plaintiff to proceed on an amended complaint would delay the on-going proceedings. *See*,
15 *e.g.*, *Pierce v. Multnomah Cnty.*, 76 F.3d 1032, 1043 (9th Cir. 1996); *Eckard v. Langdon*,
16 No. 21-cv-35729, 2023 WL 6129523, at *1 (9th Cir. 2023).

17 Prejudice to the opposing parties is the most important factor in determining
18 whether to grant leave to amend, and the Court may deny leave to amend when "permitting
19 an amendment ... would produce an undue delay in the litigation." *Jackson v. Bank of Haw.*,
20 902 F.2d 1385, 1387-88 (9th Cir. 1990). *See also Premo v. Martin*, 119 F.3d 764, 772 (9th
21 Cir. 1997). Moreover, Plaintiff seeks to amend his operative complaint after a responsive
22 pleading was filed and after the deadline for amending the operative complaint has expired.
23 Plaintiff also seeks to add parties and identify Doe Defendants after the deadlines for doing
24 so have been extended and expired, implicating Rule 16(b) of the Federal Rules of Civil
25 Procedure. When a party seeks to extended deadlines set in a scheduling order, Rule 16(b)'s
26 good cause requirement must be satisfied, and the party seeking an extension of the
27 requisite deadline must establish their diligence in complying with the Court's scheduling
28

order. *See Cano v. Schriro*, 236 F.R.D. 437, 439 (D. Ariz. 2006), *aff'd* 269 F. App'x 755 (9th Cir. 2008).

Defendants Thornell, Amos, Burtsfield, Ellis, and Evitch oppose allowing Plaintiff to proceed on the amended complaint at ECF No. 120. (ECF No. 123). Defendants assert Plaintiff has not been diligent in moving to substitute named individuals for the Doe Defendants, noting White's identity was disclosed on July 21, 2025, and Plaintiff waited until 43 days later to seek to substitute White for a Doe Defendant. Defendants also note Plaintiff sought to *add* four new Doe Defendants in the proposed amended complaint at ECF No. 103, four months after the deadline expired to *identify* any Doe Defendant. Defendants also note that in the proposed amended complaint at ECF No. 120 Plaintiff now seeks to identify the Doe Defendants "named" in the proposed amended complaint at ECF No. 103, notwithstanding that he has not been given permission to proceed on any claims against those Doe Defendants. Notably, both the motion to amend at ECF No. 103 and the motion to amend at ECF No. 120 were not filed by the deadline for amending Plaintiff's operative pleading or by the deadline for identifying the Doe Defendants in the operative complaint.

Plaintiff was not diligent in seeking to substitute named individuals for the Doe defendants after learning their identities. And it is not at all evident from Plaintiff's proposed amended complaint(s) that the individuals he seeks to add as defendants are those actually responsible for the harms alleged in the specific claims remanded by the Ninth Circuit Court of Appeals. Furthermore, Plaintiff has added and removed, and attempted to add and remove, individuals and Doe Defendants in the proposed amended complaints at ECF No. 103 and ECF No. 120, filed after the relevant deadlines had expired, in addition to Plaintiff's prior attempt (ECF No. 65) to substitute one proposed amended complaint for another proposed amended complaint.

Discovery in this matter has closed and the deadline for filing dispositive motions is December 5, 2025. Allowing Plaintiff to add defendants and claims at this time would require reopening discovery and prejudice Defendants, and unduly delay resolution of

1  claims first asserted in December of 2021 and remanded to the Court 18 months ago. The
2  certain prejudice to Defendants and the very real prospect of extensive undue delay in the
3  ongoing proceedings weighs heavily against granting the pending motion to amend.

4  Accordingly,

5  **IT IS RECOMMENDED that** Plaintiff's motion to amend his complaint (ECF
6  No. 119) be **denied**.

7  This recommendation is not an order that is immediately appealable to the Ninth
8  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal
9  Rules of Appellate Procedure should not be filed until entry of the District Court's
10 judgment. The parties shall have fourteen days from the date of service of a copy of this
11 recommendation within which to file specific written objections with the Court. *See* 28
12 U.S.C. § 636(b)(1); Fed. R. Civ. P. 7(b)(2). Thereafter, the parties have fourteen days
13 within which to file a response to the objections. Pursuant to Rule 7.2(e)(3), Local Rules
14 of Civil Procedure for the United States District Court for the District of Arizona,
15 objections to the Report and Recommendation may not exceed ten (10) pages in length.

16 Failure to file timely objections to the Magistrate Judge's Report and
17 Recommendation may result in the acceptance of the Report and Recommendation by the
18 District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,
19 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the
20 Magistrate Judge may be considered a waiver of a party's right to appellate review of the
21 findings of fact in an order or judgment entered pursuant to the Magistrate Judge's
22 recommendation. *See* Fed. R. Civ. P. 72.

23 Dated this 1st day of December, 2025.

Camille D. Bibles
United States Magistrate Judge