# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DaJuan Torrell Williams,<br><br>                Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>                Defendants. | No. CV-21-02151-PHX-MTL (CDB)<br><br>**ORDER** |

This Order addresses the two pending Report and Recommendation ("R&R") orders of Magistrate Judge Camille Bibles (Docs. 115, 124). Both apply to two separate motions by Plaintiff to file a second amended complaint. Defendant has timely objected to both R&Rs. (Docs. 121, 127.)

In reviewing an R&R, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). The district court applies the contrary-to-law standard to a magistrate judge's order denying a motion to amend the pleadings. *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 459 (D. Ariz. 2012).

The Court will consider each R&R in turn.

. . . .

. . . .

**October 16, 2025 Report and Recommendation (Doc. 115)**

The October 16, 2025 R&R recommends that the Court deny Plaintiff's September 5, 2025 Motion for Leave to File a Second Amended Complaint (Doc. 103).

Plaintiff's Objections state that he "assert[s] and stand[s] on all objections and arguments that I have been repeating over and over throughout this case." (Doc. 121 at 1.) Objections to a magistrate judge report and recommendation must be specifically stated in writing. Fed. R. Civ. P. 72(b)(2); *Parkinson v. United States*, 175 F. Supp. 2d 1233, 1240 (D. Idaho 2001). "Only objections that reference specific portions of the report and recommendation will trigger de novo review—general or conclusory objections do not suffice." *Ali v. Grounds*, 236 F. Supp. 3d 1241, 1249 (S.D. Cal. 2017), *aff'd*, 772 F. App'x 580 (9th Cir. 2019). It is not the Court's responsibility to scour this extensive record to determine the basis of Plaintiff's objections to the unspecified portions of the R&R. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). As much as Plaintiff attempts to re-assert any objections in the record that are not made here specifically, those objections are overruled.

Plaintiff's Objections argue that the Magistrate Judge "misstates the record" as he "clearly pointed out the correct facts and records in my reply." (Doc. 121 at 1.) Plaintiff further argues that he "substituted my [Second Amended Complaint ("SAC")] . . . with a proposed SAC removing counts 4 and 5 and all other 'fictitiously named' Defendants." (*Id.*)

Even so, at this late stage of the case, the Magistrate Judge applied the appropriate standard of review for evaluating a motion to amend a pleading. Because Plaintiff's proposed SAC would, in effect, amend the scheduling order by adding new parties and claims, his motion is appropriately analyzed under the good cause standard of Fed. R. Civ. P. 16(b). *Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 325, 328 (D. Ariz. 2018) ("When a party seeks to amend its pleading after the date specified in the scheduling order has passed, the party must first satisfy the requirements of Rule 16, and then must demonstrate

amendment is proper under Rule 15.").

The Magistrate Judge recognized that, while the Court of Appeals gave Plaintiff 120 days "to discover the names of the Doe Defendants named in the First Amended Complaint and file a notice of substitution identifying those Defendants by their actual names," with extensions granted by the District Court, Plaintiff had "a total of seven months and two weeks to identify the Doe Defendants." (Doc. 115 at 9.) The Magistrate Judge then analyzed whether Plaintiff had exercised diligence during the discovery period to identify "individuals he now seeks to add as defendants in this matter." (*Id.*)

This Court agrees with the Magistrate Judge's conclusion, stated as follows:

> Plaintiff has been given sufficient time to conduct discovery with regard to those claims, and should not be allowed to further delay these proceedings to investigate other causes of action and implicate other defendants with regard to the discrete actions which occurred more than four years ago. Most importantly, Plaintiff fails to establish that he was diligent in identifying the Doe Defendants, and identifying and moving to join additional defendants after the deadlines for doing so have passed.

(*Id.* at 11.)

The Court further observes, as it did in a prior order accepting an R&R denying Plaintiff's very first motion to file a second amended complaint, that permitting another amended pleading—necessitating additional discovery—would prejudice Defendants and obstruct the District Court's docket-management objective. (*See* Doc. 104 at 3.)

The Court will accept the R&R and deny Plaintiff's motion.

### **December 2, 2025 Report and Recommendation (Doc. 124)[1]**

The December 2, 2025 R&R recommends that the Court deny Plaintiff's October 30, 2025 Motion for Leave to File a Substitute Proposed Second Amended Complaint (Doc. 119).

Plaintiff objects to this order on three grounds. He first challenges the Magistrate Judge's finding that Plaintiff's motion to amend was filed after the deadline for amending the pleadings. The R&R before the Court involves Plaintiff's motion filed on October 30,

---

[1] The Magistrate Judge signed this R&R on December 1, 2025, and it was docketed on December 2, 2025. The Court will refer to it with the docketing date.

2025. So, yes, this motion was filed after the deadline of May 30, 2025. (Doc. 38.) The Court finds no error.

Plaintiff next objects to the Magistrate Judge's finding that he did not exercise diligence in seeking substitution of the "Doe" defendants. The Magistrate Judge found that "Plaintiff was not diligent in seeking to substitute named individuals for the Doe defendants after learning their identities." (Doc. 124 at 8.) The Magistrate Judge presumably accepted Defendants' argument that the identity of one of the Doe defendants, White, was "disclosed on July 21, 2025" but "Plaintiff waited until 43 days later to seek to substitute White for a Doe Defendant." (*Id*.) The Magistrate Judge further concluded that, "[a]llowing Plaintiff to add defendants and claims at this time would require reopening discovery and prejudice Defendants, and unduly delay resolution of claims first asserted in December 2021 and remanded to the Court 18 months ago." (*Id*. at 8-9.) The Court agrees with this conclusion, as Plaintiff has already identified many defendants post-remand and the addition of more will require reopening discovery and further delay this already delayed case.[2] The Court, for reasons previously stated, finds no error in the Magistrate Judge's conclusion that Plaintiff's delay lacked diligence, and that Defendants would be prejudiced.

Finally, Plaintiff objects to the Magistrate Judge's observation that, "it is not all evident from Plaintiff's proposed amended complaint(s) that the individuals he seeks to add as defendants are those actually responsible for the harms alleged in the specific claims remanded by the Ninth Circuit Court of Appeals." (*Id.* at 8.) The Court finds no error in this observation or in the Magistrate Judge using it as a basis for justifying her recommendation denying leave to amend. As far as the Court can tell, Plaintiff's objections do not dispute the point that his proposed new defendants may have nothing to do with the unlawful deductions from his inmate trust account. And, if amendment were permitted with this being the case, additional time and resources would be needlessly spent on discovery. Plaintiff, instead, repeats arguments that he is entitled to an amendment as a matter of

---

[2] By way of example, the December 2, 2025 R&R illustrates the Department of Corrections personnel whom Plaintiff added as defendants after remand. (Doc. 124 at 2-3.) These include Robert Ellis, C. Amos, and Cheryl Burtsfield, all of whom are alleged to be associated with the operation of Plaintiff's inmate trust account.

- 4 -

1  course under Federal Rule of Civil Procedure 15(a)(1). But Plaintiff loses sight of the fact
2  that the Scheduling Order set a deadline to amend the pleadings and his motion to amend
3  was filed well beyond that deadline.
4    The Court will adopt the R&R and deny Plaintiff's motion.

## Conclusion

6    To the extent Plaintiff objects to any other aspect of the R&Rs, those objections are
7  denied.
8    For the reasons stated herein,
9    **IT IS ORDERED** accepting the October 16, 2025 Report and Recommendation
10 (Doc. 115). Plaintiff's Motion to File a Second Amended Complaint. (Doc. 103) is
11 **DENIED**.
12   **IT IS FURTHER ORDERED** accepting the December 2, 2025 Report and
13 Recommendation (Doc. 124). Plaintiff's Motion Substituting his "Proposed" Second
14 Amended Complaint [103] Withdrawing Counts 4 and 5 and Removing Defendants
15 Burtsfield, Osterion, and All Previously "Unnamed DOE" Defendants (Doc. 119) is
16 **DENIED**.
17   Dated this 19th day of December, 2025.

Michael T. Liburdi
United States District Judge